UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRINA ORME, | No. 2:19-cv-0097 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, residual functional capacity determination, and step five finding constituted error. Plaintiff also argues that the Administrative Law Judge was not properly appointed under the Constitution. For the reasons explained below, plaintiff's motion is granted, the decision of the

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 6 & 8.)

1

Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In January or February of 2015, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on March 12, 2014. (Transcript ("Tr.") at 19, 158-59.) Plaintiff's alleged impairments included degenerative disc disease, right shoulder tear, radiculopathy, anxiety, headaches, and chronic fatigue. (Id. at 173.) Plaintiff's application was denied initially, (id. at 87-91), and upon reconsideration. (Id. at 95-100.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 16, 2017. (Id. at 35-55.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 35-39.) In a decision issued on December 22, 2017, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity (SGA) since March 12, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: cervical multilevel degenerative disc disease (DDD); status post cervical fusion; impingement syndrome of right shoulder; articular tear of supraspinatus tendon, and osteoarthritis of acromioclavicular joint of right shoulder; classic migraine, with aura; depression; and deep vein thrombosis (DVT) in right lower extremity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except frequent balancing, stooping, kneeling and crouching; occasional ladders, ropes, scaffolds, stairs and crawling; occasional overhead reaching with the right upper extremity; simple, repetitive tasks; off task 5% of an 8-

////

      hour workday; occasional overhead reaching with the dominant left upper extremity; frequent bilateral grasping; and frequent fingering with the dominant left upper extremity.

      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

      7. The claimant was born [in] 1969 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

      8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from March 12, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 21-29.)

On December 21, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's December 22, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 15, 2019. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

3

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following four principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ erred at step five of the sequential evaluation; (3) the ALJ's residual functional capacity determination constituted error;

////

////

and (4) the ALJ was not properly appointed under the Constitution.[3] (Pl.'s MSJ (ECF No. 16) at 8-22.[4])

## I.  Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

### A.  Dr. Arun Anand

Plaintiff first challenges the ALJ's treatment of the opinion offered by Dr. Arun Anand, a treating physician. (Pl.'s MSJ (ECF No. 16) at 8-12.) Specifically, on September 16, 2016, Dr.

---

[3] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Anand opined that plaintiff was limited in several respect including to "[n]o bending, stooping, or crawling." (Tr. at 623.) Dr. Anand's opinion is inconsistent with the ALJ's residual functional capacity determination that plaintiff could frequently stoop and occasionally crawl. (Id. at 24.) The parties do not dispute that the ALJ failed to discuss Dr. Anand's opinion.[5] (Def.'s MSJ (ECF No. 18) at 18.)

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); see also Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."). As noted above, the uncontradicted opinion of an examining physician may be rejected only for clear and convincing reasons, while the opinion of an examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. Here, the ALJ failed to discuss Dr. Anand's opinion entirely.

**B.   Dr. Cynthia Lim**

Plaintiff also challenges the ALJ's treatment of the opinion offered by Dr. Cynthia Lim, a treating physician. (Pl.'s MSJ (ECF No. 16) at 10-12.) The ALJ discussed Dr. Lim's opinion, stating:

> In a medical source statement dated March 28, 2017, treating physician, Dr. Cynthia Lim, stated that the claimant had a diagnosis of cervical disc disease. Dr. Lim stated that the claimant had no ability to do the following: bend, squat, crawl, climb, and reach above the shoulders; occasional grasping and holding; occasional fine manipulation; no pushing/pulling; sit for 2 hours in an 8-hour workday; stand and and/or walk for 2 hours in an 8-hour workday; lie down/rest for 1 to 2 hours in an 8-hour workday; lift/carry 5 pounds frequently; and lift/carry a maximum of 5 pounds. Dr. Lim categorized the frequency of the claimant's pain as "constant," and the severity of the claimant's pain as "moderately severe" and "severe." Dr. Lim stated that the claimant was required to take medication that has side effects of diminished concentration and/or

---

[5] Defendant argues that the ALJ's error was harmless. (Def.'s MSJ (ECF No. 18) at 18.) In light of the ALJ's other harmful errors, the court need not address this argument.

> slowed thought and somnolence or lethargy. Dr. Lim said that the claimant was not able to go without taking these medications for 8 straight hours daily that would allow her to work at an occupation full-time without concern for having these side effects. Dr. Lim stated that the claimant's pain and effects of her medication significantly interfere with the ability to do sustained tasks and require her to have hourly breaks (about 5 minutes an hour); the claimant's complaints of interruption of sleep during the night were consistent with the conditions Dr. Lim had been treating; the claimant would need to lie down for more than one hour either at a time and/or cumulatively during an 8-hour workday; and the claimant was likely to miss work on an unscheduled based three or more times a month.

(Tr. at 25-26.)

The ALJ afforded Dr. Lim's opinion "little weight," based on the vague and conclusory assertion that there was "little to no objective support for such extreme limits, and the limits are based on the claimant's subjective statements." (Id. at 26.)

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

In this regard, the ALJ failed to offer a specific and legitimate, let alone clear and convincing reason for rejecting Dr. Lim's opinion. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II.    Step Five Error

Plaintiff also asserts that the ALJ's finding as step five of the sequential evaluation was erroneous. (Pl.'s MSJ (ECF No. 16) at 14.) At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the

////

national economy that a claimant can perform despite his identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted).  The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).  Here, the ALJ purportedly relied on the testimony of a VE.  (Tr. at 29.)

The ALJ, however, did not identify a specific job that existed in substantial numbers that plaintiff could perform.  Instead, the ALJ simply stated:

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT) and its companion manual, the Selected Characteristics of Occupations (SCO).
>
> Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(Tr. at 29.)  "The Commissioner acknowledges that the ALJ's step five discussion did not identify the specific jobs Plaintiff could perform or the number of jobs available."[6] (Def.'s MSJ (ECF No. 18) at 24.)

Moreover, while an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, must account for all of the limitations and restrictions of the particular claimant.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform

---

[6] Again, defendant argues this was harmless error.  (Def.'s MSJ (ECF No. 18) at 24.)  Given the ALJ's erroneous treatment of the medical opinion evidence, the court need not address this argument.

8

jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Here, because the ALJ erroneously rejected the opinions of Drs. Anand and Lim the ALJ's hypothetical question to the VE did not account for the limitations established by that evidence. (Tr. at 54-55.)

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ committed an error at step five of the sequential evaluation.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[7] Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

---

[7] Having identified errors requiring remand and upon review of the record the court finds it unnecessary to reach plaintiff's remaining claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

1 concludes that further administrative proceedings would serve no useful purpose, it may not
2 remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,
3 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is
4 uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the ALJ's multiple errors involving a repeated lack of explanation the court cannot say that further administrative proceedings would serve no useful purpose. This matter, therefore, will be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 18) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  September 28, 2020

DLB:6
DB\orders\orders.soc sec\orme0097.ord

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE